*W. A. Woods* and *J. D. Arnold*, for appellant.

*J. H. Baker* and *J. A. S. Mitchell*, for appellee.

———————●———————

THE INDIANAPOLIS AND CINCINNATI RAILROAD COMPANY *v.*
THE CITY OF LAWRENCEBURG.

CITY.—*Railroad on Street.—Ordinance.*—A city granted to a railroad company the right to locate and construct its railroad through said city and upon the streets thereof, by an ordinance containing a provision that where the grade of said railroad should be higher than the street, alley, or public ground, said company should "fill up each side of their said road, to form a convenient passage over the same." The company, in pursuance of said ordinance, constructed its road along a certain public street of said city, and in so doing, erected an embankment upon which it placed its track; and the city caused the remainder of the width of said street to be filled up and graded level with the embankment and the railroad, the company having refused to do so.

*Held,* in an action by the city against said railroad company to recover the expense of the work so caused to be done by the city, that it was no defense to say that said street at the time of the construction of said railroad was unimproved, and had neither sidewalks nor gutters, and had never been graded or paved; or to say that after the building of the railroad and before the filling up of the street by the city, the part of the street so filled up was in as good condition for passage or travel as before the building of the railroad.

APPEAL from the Dearborn Common Pleas.

WORDEN, J.—On the 25th of September, 1852, the common council of the city of Lawrenceburg passed an ordinance giving to the Lawrenceburg and Upper Mississippi Railroad Company (the former name of the present appellant) the right to locate and construct her railroad through said city, and upon the streets thereof, as specified in the ordinance. The second section of the ordinance is in these words, viz.: "That it shall be the duty of said company whenever their work shall be laid upon or across any such public street, alley or ground, to make and keep up all necessary crossing places for the convenient passing over said road, with horses, teams, &c., and where the grade of said road shall be higher than such street, alley or public ground, the said company shall fill up on each side of their said road to form a convenient passage over the same. Such company shall also build such culverts under or over their said road as may be necessary for the drainage or sewerage of said city, as may be directed by the marshal of said city."

The city sued the railroad company, alleging, in substance, that the latter, in pursuance of the ordinance, located and constructed her railroad, with side tracks and switches, upon a public street in said city, called New street, which had been dedicated to the public and used as such public street for more than sixty years; that on that portion of New street which lies between Short street and Walnut street, the company erected a high embankment, varying from four to ten feet in hight, and upon it placed her railroad, side tracks and switches, and thereby obstructed the street, &c.; that in order to make the street convenient for passage over the same, as before the embankment, it was necessary that the whole width of the street, between the streets above named, should be filled up and graded level with the embankment and with the railroad upon the same, and that it became the duty of the company to thus fill up and grade said street, but that she refused to do so; that the city being liable to the public for the condition of the street, upon the refusal of the com-

pany to fill up and grade the same as aforesaid, caused the same to be done; and the suit is brought to recover the expense thereof.

A demurrer was filed to the complaint, and overruled. Exception.

The defendant then answered, first, by general denial; second, that by the license of the city under the ordinance, she constructed her railroad along the south-east side of New street, along the side of, and parallel with, her depot, and that her road bed occupied about one-half of the street, but as to the other part of said street, between, &c., the same was, at the time the defendant completed her road upon said part of said street, and from that time until the plaintiff caused the same to be filled up as in the complaint mentioned, in as good condition and as convenient for passage over the same, and travel of the public and teams, horses, drays, wagons, &c., over and along the same, as said part of said street was at the time of the construction of her said railroad; and that in the construction of her road on the south-east side of said street, she did not obstruct the other side of the same; and that while constructing her road she built a culvert across New street, at the mouth of an alley between Walnut and Short streets, which carries off the water that flows down the alley across New street under her railroad and depot into the Ohio river, and prevents the water from running upon said street; third, that by permission of the plaintiff, she did build her road on the south-east line of New street, between Walnut and Short streets, as she had a right to do, having acquired the right of way under the ordinance mentioned in the complaint; that her road bed occupies about one-half the width of said New street between Walnut and Short streets; that at the time of the construction of her railroad, New street, between, &c., was unimproved in every respect, never having been graded or paved, nor any sidewalks or gutters constructed thereon, and that in the construction of her railroad she did not in any manner obstruct, change, or alter that part of said street not oc-

cupied by her road bed, but that said part of said street, from the time of the construction of her said road until the time of the filling of the same in the manner in the complaint mentioned, was in as good a condition for the use of the public and for passage and travel as when her said railroad was built along the line of the same.

Demurrers were sustained to the second and third paragraphs of the answer, and exceptions taken. The general denial being withdrawn, there was final judgment for the plaintiff.

The rulings of the court below on the several demurrers present the only questions for our consideration.

It seems to us that the several rulings were correct. There can be no doubt that as the railroad company accepted the ordinance of the city, and built her railroad through the city in virtue thereof, she was bound to comply with the terms and conditions specified in the ordinance. We have seen that the ordinance requires that "where the grade of said road shall be higher than such street, alley or public ground, the said company shall fill up on each side of their said road, to form a convenient passage over the same." It is no answer to this provision of the ordinance to say that the street on which the railroad was built was unimproved, and had neither sidewalks nor gutters, and was never graded or paved; nor to say that after the building of the railroad, and before the filling up of the street by the city, the street was in as good a condition for passage or travel as before the building of the railroad. The ordinance requires that where the grade of the railroad is higher than the street, &c., the company shall fill up on each side, &c., and this is to be done without reference to the question whether the street, after the railroad is built, is as passable as it was before, or not.

The railroad company was bound by the ordinance to fill up the street, but having refused to do so, and it having been done by the city, the latter can maintain the action to recover the expense thereof.

The judgment below is affirmed, with costs and two per cent. damages.

*D. S. Major* and *O. B. Liddell*, for appellant.

*J. Schwartz*, for appellee.